■ EUGENE WEISS et al., Respondents, v SARGENT KARCH, Appellant. — Judgment, Supreme Court, New York County (Schwartz, J.), entered August 16, 1982, awarding the plaintiffs the sum of $106,400 after a nonjury trial on the issue of damages, modified, on the law and the facts, by reducing damages to $37,000, plus interest, from October 14, 1980, and, as modified, affirmed, without costs. In a contract dated August 28, 1980, the plaintiffs agreed to purchase defendant's co-operative apartment for $475,000. The contract con-

tained a closing date of June 15, 1981. However, defendant had the right, after October 1, 1980, to accelerate the closing date upon 30 days' written notice. There is no dispute that defendant breached the contract on October 14, 1980, by refusing to sell the apartment. In February of 1981, plaintiffs contracted by buy another co-operative apartment. During the period February-June, 1981, that new apartment was renovated. The plaintiffs were unable to reside in the apartment during the period but they were still required to pay maintenance charges of $1,600 per month for four months. A trial was held on the sole issue of damages. Both sides agreed that damages should be calculated under subdivision (1) of section 2-713 of the Uniform Commercial Code. The defendant's experts testified that damages, if any, were less than $25,000. Plaintiffs' experts concluded that damages were as high as $175,000. Trial Term awarded $100,000 damages for the defendant's basic breach of contract. It awarded $6,400 in consequential damages (Uniform Commercial Code, § 2-715, subd [2]) for maintenance charges paid by the plaintiffs in the period February-June, 1981. The basic damages awarded by the trial court were excessive. We find that the value of defendant's co-operative appreciated 7.8% or $37,000 between the contract date, August 28, 1980, and the date plaintiffs learned of the breach, October 14, 1980 (Uniform Commercial Code, § 2-713, subd [1]). The co-operative sales introduced by the plaintiffs were not of apartments comparable to the defendant's apartment. The testimony of plaintiffs' experts on the issue of appreciation was otherwise unrealistic and inflated for the short period (47 days) between the sale and the breach. The trial court also erred in awarding consequential damages of $6,400. At the time these parties signed the contract of sale, the defendant was unaware that the plaintiffs had previously sold their own co-operative and would be required to seek a new residence in or about February of 1981. Since the defendant was not cognizant of this particular "requirement" or "need" of the plaintiffs, he should not have been held responsible therefor under subdivision (2) of section 2-715 of the Uniform Commercial Code. Concur — Murphy, P. J., Sullivan, Carro, Milonas and Alexander, JJ.